
December 13, 2016

VIA ECF AND EMAIL
(sullivannysdchambers@nysd.uscourts.gov)

Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   **Re:**   ***Grecia v. BestBuy.com, LLC,*** **Case No. 1:16-cv-07024 (RJS)**

Dear Judge Sullivan:

   I represent Defendant BestBuy.com, LLC ("Best Buy") in the above captioned action. Pursuant to Rule 2.A. of your Individual Rules, Best Buy respectfully requests a pre-motion conference to seek permission to file a motion to dismiss Plaintiff William Grecia's Amended Complaint (Dkt. No. 11) alleging direct infringement of U.S. Patent No. 8,533,860 ("the '860 patent") pursuant to Rule 12(b)(6) or, in the alternative, authorization from the Court to file the motion without a pre-motion conference. This letter sets forth the basis for Best Buy's anticipated motion.

   The Amended Complaint fails to state a claim for patent infringement and the Court should dismiss it. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Comp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint is subject to dismissal unless the alleged facts push a claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

   Since the abrogation on December 1, 2015, of Form 18 of Rule 84 relating to direct infringement claims, courts have analyzed direct infringement claims in accordance with the guidance provided by *Iqbal* and *Twombly*. *See, e.g.*, *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790, 2016 U.S. Dist. LEXIS 111689 (N.D. Cal. Aug. 22, 2016). Courts have required "plaintiffs to plausibly allege that the accused product practices each of the limitations found in at least one asserted claim." *Id.* at *8; *see also Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. 15-cv-00152, 2016 U.S. Dist. LEXIS 33875, at *6-7 (D. Del. Mar. 4, 2016). "[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with

infringement." *Atlas IP, LLC v. Exelon Corp.*, No. 15-cv-10746, 2016 U.S. Dist. LEXIS 64571, at *12 (N.D. Ill. May 17, 2016).

The Amended Complaint fails to allege a plausible claim of direct infringement by Best Buy. The '860 patent relates to digital rights management, and its objective is to "protect commercial intellectual property copyrights privy to illegal copying using computerized devices." *See* '860 patent, 1:21-22. The claims, at a high level, require: (1) receiving a request to write into the metadata of digital content, wherein the request includes a verification token corresponding to the digital content; (2) authenticating the verification token; (3) connecting to communications console using a graphic user interface ("GUI") and an Application Programmable Interface ("API"); (4) requesting an identification reference from the communications console; (5) receiving the identification reference from the communications console; and (6) writing the identification reference or the verification token into the metadata.

In contrast, the Amended Complaint alleges infringement by tokenization within credit card transactions. Specifically, the Amended Complaint alleges that Best Buy infringes claim 11 of the '860 patent when customers make credit card purchases from the Best Buy website using Visa Checkout. Am. Comp. at ¶ 11. The Amended Complaint also alleges that Best Buy infringes claim 21 of the '860 patent when customers make credit card purchases from Best Buy point-of-sale computers using EMV chip readers. *See id.* at ¶ 12. In sum, the patent is directed to one technology, digital rights management, while the accused products are directed to a completely unrelated technology, tokenization within credit card transactions. As a result, the allegations against Best Buy simply do not match up with the asserted claims of the '860 patent.

While Best Buy does not agree with the characterization of the technology described in the Amended Complaint—and does not believe that the claims of the '860 are valid or enforceable—Best Buy has assumed the truth of all allegations for purposes of the requested motion. But even accepting as true all of the allegations contained in the Amended Complaint, Mr. Grecia makes inconsistent and factually unsupported allegations as to certain claim limitations, fails to make any allegations as to other limitations, and improperly combines allegations for different products. Accordingly, the Amended Complaint fails to make a plausible claim for infringement by Best Buy and should be dismissed.

For example, the allegations on their face demonstrate that Best Buy does not infringe the identified claims. Asserted claims 11 and 21 of the '860 patent require receiving a digital content request from the communications console and, in response, the communications console receiving a request for and *sending* the identification reference. *See* Am. Comp. at ¶¶ 11(b), 11(e); *id.* at ¶¶ 12(b), 12(e). The Amended Complaint, however, accuses Best Buy of doing just the opposite. The Amended Complaint identifies the customer's computer used to access the Best Buy website as the communications console. *See* Am. Comp. at ¶ 11(b). The Amended Complaint further identifies a token as the identification reference. *See id.* at ¶ 11(e). However, the Amended Complaint alleges that the customer's computer performs the "request and the receipt of a token." *Id.* at ¶¶ 11(e), 12(e). In other words, rather than the communications console *sending* an identification reference in response to a request, as required by the claims,

the allegations against Best Buy describe the communications console as **_receiving_** the identification reference. Such an allegation does not permit the court to reasonably infer infringement by Best Buy. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

As a further example of the Amended Complaint's failure to plausibly allege infringement, claims 11 and 21 also require that the verification token or identification reference be written **_into the metadata_** of the digital content. *Id.* at ¶¶ 11(f), 12(f). The Amended Complaint incudes a single conclusory statement, but does not allege facts that, even if true, support an inference that Best Buy performs this limitation. Instead, with respect to claim 11, the Amended Complaint alleges that the order confirmation lists the last four digits of a customer's credit card number. *Id.* Neither the digital content nor its metadata are alleged to be stored on the Best Buy website. This does not support an inference that the token is somehow stored **_in the metadata_** of the digital content, as required, as opposed to simply being stored independently. Similarly, with respect claim 21, the Amended Complaint alleges that "EMV-PoS writes the verification token to its connected storage for receipt printing and reference for refunds." *Id.* at ¶ 12(f). This does not include any allegation that the verification token is being stored **_in the metadata_** of the digital content. In fact, the Amended Complaint identifies the Token Vault database as the metadata, making an inference that the verification token is stored therein implausible. *See id.* at ¶ 12(b).

The Amended Complaint also identifies two different verification tokens (a customer's PAN and the EMV Token) (*id.* at ¶¶ 11(b), 12(a)), fails to allege that the verification token **_corresponds_** to the digital content (*id.* at ¶¶ 11(b), 12(b)), and fails to identify the GUI (*id.* at ¶¶ 11(d), 12(d)).

Finally, the Amended Complaint with respect to claim 21 accuses EMV Tokenized devices and identifies two different technologies—Samsung Pay, which uses near field communication or magnetic secure transmission to transmit data, and EMV chip cards, which are inserted into slots in the terminal. Samsung Pay and EMV Chip cards do not operate in the same manner and do not transmit or process equivalent information. The Amended Complaint provides no support for how these functionally dissimilar products allegedly perform the same infringing operations. *See id.* at ¶ 12(a). The claim chart attached to the Amended Complaint as Exhibit 2 further compounds the confusion and inconsistent allegations, which not only identifies incompatible technologies—"EMV Tokenized Mobile Device or Chip Card"—but similarly includes unsupported allegations identifying disparate MasterCard, Visa, Android, Samsung, and Apple products. *See e.g.*, *id.*, Ex. 2 at 1, 5, 6, 8. In other words, the Amended Complaint cherry picks disclosures from different products, different companies, and different technologies, and has failed to allege a cohesive infringement theory as to any of them.

In sum, the allegations included in, and attached to, the Amended Complaint fail to state a plausible claim for infringement and do not provide adequate notice to Best Buy of the claims asserted against it. Accordingly, Best Buy respectfully requests a pre-motion conference to seek permission to file a motion to dismiss for failure to state a claim or, alternatively, authorization to file the motion without a pre-motion conference.

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

Sincerely,

*/s/ James C. Yoon*

James C. Yoon
cc: Counsel of Record – Matthew M. Wawrzyn
(matt@wawrzynlaw.com)