WAWRZYN & JARVIS LLC

Matthew M. Wawrzyn
matt@wawrzynlaw.com
233 S. Wacker Drive, 84th Floor
Chicago, IL 60606
312.283.8010

December 15, 2016

VIA ECF & E-MAIL:

Hon. Richard J. Sullivan
United States District Court Judge
40 Foley Square
New York, NY 10007
sullivannysdchambers@nysd.uscourts.gov

**Re:    *Grecia v. BestBuy.com, LLC*, 16-cv-7024 (RJS)**

Dear Judge Sullivan:

Best Buy's letter dated December 13, 2016, requesting leave to file a motion to dismiss, demonstrates why such a motion would be futile.

To begin, Best Buy commits what the Federal Circuit has termed "one of the cardinal sins of patent law—reading a limitation from the written description into the claims . . . ." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1320 (Fed. Cir. 2005) (*en banc*). Best Buy points to the background section of the written description—before Grecia teaches one of ordinary skill in the art how to build his invention—and asserts, "[t]he '860 patent relates to digital rights management, and its objective is to 'protect commercial intellectual property copyrights privy to illegal copying using computerized devices.'" (12/13/2016 Letter at 2 (citing '860, col. 1:21-22).) Best Buy then superficially characterizes the '860 patent claims as covering only a narrow category of "digital rights management" that, according to Best Buy, cannot include "tokenization within credit card transactions." (*Id.*) There exists no support for Best Buy's cramped reading of the '860 patent claims in the claim language, written description, or file history. *Phillips*, 415 F.3d at 1312 ("[I]t is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude . . . .'"). In any event, Best Buy's argument relies on claim construction and a motion to dismiss is an inappropriate vehicle for that argument.

The claim language also shows that Best Buy is inaccurate when it says, "Asserted claims 11 and 21 of the '860 patent require receiving a digital content request from the communications console and, in response, the communications console receiving a request for and sending the identification reference." (12/13/2016 Letter at 2.) For example, claim 11 of the '860 patent includes, "[i] receiving a digital content request from at least one communications console of the plurality of data processing devices . . . [ii] requesting the at least one identification reference from the at least one communications console . . . [iii] receiving the at least one identification reference from the at least one communications console . . . ." (Dkt. 11 (Am. Compl.), Ex. 1 ('860 patent), col. 16:49-17:11.) The program code of claim 11 is written to, among other things, <u>receive</u> a digital content request, <u>request</u> an identification reference, and <u>receive</u> an identification reference. (*Id.*; *see also id.* at Fig. 1 (<u>receive</u> at module 102; <u>request</u> at module 108; and <u>receive</u> at module 110).) Nowhere in claim 11 or 21 of the '860 patent does the communications console "send the identification reference." (12/13/2016 Letter at 2.) In fact, the word "send" is absent in

the '860 patent claims. Best Buy's proposed motion to dismiss distorts the claim language and therefore has no chance of success. (*See, e.g.*, 12/13/2016 Letter at 2-3 ("[R]ather than the communications console *sending* an identification reference in response to a request, as required by the claims, the allegations against Best Buy describe the communications console as receiving the identification reference.") (emphasis in original).)

The remainder of Best Buy's letter argues facts in the manner a party would tell the jury what the evidence has shown. For example, Best Buy posits what facts would be required under Best Buy's construction of the patent claims: "Neither the digital content nor its metadata are alleged to be stored on the Best Buy website. This does not support an inference that the token is somehow stored in the metadata of the digital content, as required, as opposed to simply being stored independently." (12/13/2016 Letter at 3.) Grecia, however, specifically alleges, "[W]hen the customer has completed the purchase of the television on the website[,] the order confirmation lists only the last four digits of the customer's PAN so that BestBuy may match the last four digits of the PAN with the token used to purchase the television in BestBuy's record." (Dkt. 11 (Am. Compl.) ¶ 11(f).) That is an alleged fact. Claim construction and discovery are required before Best Buy may properly argue that the fact is unproven or does not meet the claim limitation.

Mr. Grecia goes well beyond the requirements of Rule 8 and attaches a claim chart to the amended complaint. Best Buy would have the Court punish that good deed: "The claim chart attached to the Amended Complaint as Exhibit 2 further compounds the confusion and inconsistent allegations, which not only identifies incompatible technologies—'EMV Tokenized Mobile Device or Chip Card'—but similarly includes unsupported allegations identifying disparate MasterCard, Visa, Android, Samsung, and Apple products." (12/13/2016 Letter at 3.) These attacks are factual. "Incompatible technologies." "Disparate products." Worse, Best Buy demands support for these allegations. The claim chart is not enough; Grecia should put in his proof now.

Grecia disagrees with Best Buy's remaining challenges to the amended complaint and the claim chart. In total, all of these other challenges underscore that Best Buy needs claim construction and factual findings to prevail, things incompatible with a motion to dismiss.

Respectfully submitted,

Matthew M. Wawrzyn

cc via CM/ECF:    Counsel of Record